# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6026

_____

In re: Tracy John Clement,
doing business as Clement Farms,

*Debtor.*

------------------------------

Phillip L. Kunkel,
as Chapter 11 Trustee

*Plaintiff – Appellee,*

v.

CUSB Bank,
formerly known as CUS Bank

*Defendant - Appellant*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota – St. Paul

_____

Submitted: June 28, 2019
Filed: August 8, 2019

_____

Before SCHERMER, SHODEEN and DOW, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge,

CUSB Bank appeals the Bankruptcy Court's[1] entry of summary judgment in favor of Phillip Kunkel, Trustee. For the reasons that follow, we affirm.

## STANDARD OF REVIEW

We review a bankruptcy court's grant of summary judgment *de novo*. *Mwesigwa v. DAP, Inc.*, 637 F.3d 884, 887 (8th Cir. 2011) (citing *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010)). We will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We may affirm on any basis supported by the record." *Seaver v. New Buffalo Auto Sales, LLC (In re Hecker)*, 459 B.R. 6, 10-11 (B.A.P. 8th Cir. 2011); *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (citing *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009)). Here we review *de novo* whether the bankruptcy court's conclusions interpreting the relevant statutes and applying them to the undisputed facts is correct. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177, 180 (B.A.P. 8th Cir. 2011); *Checkett v. Sutton (In re Sutton)*, 365 B.R. 900, 904 (B.A.P. 8th Cir. 2007).

## BACKGROUND FACTS

While he was married, Tracy Clement purchased real estate with his father. Each of them acquired a one-half interest as tenants in common in two parcels that

---

[1] The Honorable Michael E. Ridgway, United States Bankruptcy Judge for the District of Minnesota.

are identified as the "Miller Property" and the "Nolt Property" (Real Estate). Tracy's wife Nancy never held title in these properties.

Tracy and Nancy Clement[2] divorced in 2012. Under Minnesota law all real or personal property whether title is held individually or jointly is considered marital property. Minn. Stat. Ann. § 518.003. The state court divided Tracy and Nancy's assets and marital interests in their divorce. The Real Estate was awarded to Tracy. By statute Minnesota authorizes the use of a Summary Real Estate Disposition Judgment (Judgment) to convey and transfer real estate that is the subject of a property settlement in a dissolution proceeding. Minn Stat. Ann. § 518.191. A Judgment awarding Nancy's marital interest in the Real Estate to Tracy was issued by the state court and was filed of record in the respective counties where the Real Estate is situated on June 11, 2012.

Later, on July 2, 2012 Nancy executed a trustee's quit claim deed for the Real Estate from her revocable trust to Tracy's revocable trust. Following these conveyances, CUSB Bank entered a mortgage with the Tracy J. Clement Revocable Trust on the Real Estate. The Mortgage was properly recorded.

Tracy filed a voluntary chapter 11 bankruptcy petition in 2016. Kunkel filed an adversary proceeding to avoid the Bank's mortgage as unenforceable pursuant to 11 USC §544(a)(3). He filed a motion for summary judgment arguing that Tracy owns the Real Estate and the Bank holds a mortgage with Tracy's trust, an entity that has never been in title. The bankruptcy court concluded that the Judgment served to convey whatever interest Nancy may have held in the Real Estate to Tracy and granted summary judgment in favor of Kunkel avoiding the Bank's mortgage and preserving it for the estate's benefit under 11 U.S.C. §551.

---

[2] For clarity, the parties will be referred to by their first names.

The Bank appeals on the basis that the bankruptcy court erred when it concluded that the Judgment was sufficient to convey Nancy's interest in the Real Estate to Tracy.

**DISCUSSION**

Section 544(a)(3) states:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> . . .
>
> a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

"The rights and definition of a bona fide purchaser for purposes of this statute are determined by state law." *Ameriquest Mortg. Co. v. Stradtmann (In re Stradtmann)*, 391 B.R. 14, 18 (B.A.P. 8th Cir. 2008) (citations omitted). Under Minnesota law only the record title owner of property can pledge real estate as collateral for a mortgage. *In re Crowley*, 131 Minn. 99, 101, 154 N.W. 743, 744 (1915).

Minnesota has adopted a statute to accomplish the transfer of marital interests in real estate that are the subject of a property settlement in a dissolution proceeding. A summary real estate disposition judgment operates as a conveyance and transfer of each interest in the real estate in the manner and to the extent described in the summary real estate disposition judgment. Minn Stat. Ann. § 518.191. The Bank challenges whether the terms of the Judgment were fulfilled in

4

transferring Nancy's interest to Tracy. The starting point for this analysis is the language of the Judgment which states:

> Respondent [Nancy] will execute a Quit Claim Deed conveying her interest in the real estate to the Petitioner [Tracy] . . . A certified copy of the Judgment and Decree *or a Summary Real Estate Disposition Judgment shall be sufficient* to transfer legal interest and title of this property to [Tracy].

The focus of the Bank's argument is that the a quit claim deed issued by Nancy is imperative to meet the condition recited in the Judgment. Because the quit claim deed was a transfer from Nancy's trust to Tracy's trust the Bank asserts that the Real Estate was not transferred in the manner detailed in the Judgment. This position overlooks a bona fide purchaser exception to the transfer of marital property under Minnesota law. "A *purchaser for value* without notice of any defect in the dissolution proceedings may rely on a summary real estate disposition judgment." *Id.* (emphasis added). The Bank has raised no facts to indicate that there was any defect in the Clements' divorce which results in Kunkel's ability to rely upon the Judgment as a purchaser for value. Even if the Bank was successful on this point it would not serve to repair the defect in its mortgage which serves as the basis of Kunkel's case.

The state court determined that Tracy would retain the Real Estate that was already titled in his name. The only interest Nancy held in the Real Estate was her marital interest which vested upon dissolution of the marriage. How the deed was issued is of no consequence because the state court awarded no interest or value in the Real Estate to Nancy rendering the need for a quit claim deed superfluous.

We conclude that there is no genuine issue of material fact and the Trustee is entitled to judgment as a matter of law. Accordingly, we AFFIRM.

_____

5